**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SAMUEL COOPER** ) | |
| **606 Columbia Road, N.W.,** ) | |
| **Washington D.C. 20001** ) | |
| ) | **Case No.: 1:19-cv-1449** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **JURY DEMAND** |
| ) | |
| ) | |
| **DISTRICT OF COLUMBIA** ) | |
| **441 4th Street, N.W.,** ) | |
| **Washington D.C. 20001** ) | |
| ) | |
| <u>**SERVE:**</u> ) | |
| ) | |
| **Mayor Muriel Bowser** ) | |
| **1350 Pennsylvania Avenue** ) | |
| **Washington D.C. 20004** ) | |
| ) | |
| **Attorney General Karl A. Racine** ) | |
| **Office of the Attorney General** ) | |
| **441 4th Street, N.W.,** ) | |
| **Washington D.C. 20001** ) | |
| ) | |
| **and** ) | |
| ) | |
| **OFFICER WILMINO PANTALEON** ) | |
| **Badge # 10246** ) | |
| **Metropolitan Police Department** ) | |
| **Individually and in his official capacity** ) | |
| **Fifth District Station** ) | |
| **1805 Bladensburg Road, N.E.,** ) | |
| **Washington D.C. 20002** ) | |
| ) | |
| **and** ) | |
| ) | |
| **OFFICER KARINA PHILLIP** ) | |
| **Badge # 10804** ) | |
| **Metropolitan Police Department** ) | |
| **Individually and in her official capacity** ) | |
| **Fifth District Station** ) | |
| **1805 Bladensburg Road, N.E.,** ) | |
| **Washington D.C. 20002** ) | |

**and** )
)
**OFFICER JOHN LAY** )
**Badge # 10785** )
**Metropolitan Police Department** )
**Individually and in his official capacity** )
**Fifth District Station** )
**1805 Bladensburg Road, N.E.,** )
**Washington D.C. 20002** )
)
**and** )
)
**OFFICER MORGAN SCHIFF** )
**Badge # 10591** )
**Metropolitan Police Department** )
**Individually and in her official capacity** )
**Fifth District Station** )
**1805 Bladensburg Road, N.E.,** )
**Washington D.C. 20002** )
)
**and** )
)
**OFFICER BENJAMIN CELANO** )
**Badge # 10633** )
**Metropolitan Police Department** )
**Individually and in his official capacity** )
**Fifth District Station** )
**1805 Bladensburg Road, N.E.,** )
**Washington D.C. 20002** )
)
**and** )
)
**OFFICER EDWARD RODRIGUEZ** )
**Badge # 10554** )
**Metropolitan Police Department** )
**Individually and in his official capacity** )
**Fifth District Station** )
**1805 Bladensburg Road, N.E.,** )
**Washington D.C. 20002** )
)
**and** )
)
**UNNAMED METROPOLITAN** )
**POLICE DEPARTMENT OFFICERS** )
**300 Indiana Avenue, N.W.,** )
**Washington D.C. 20001** )

| | ) |
|---|---|
| **Defendants.** | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Samuel Cooper, by and through his attorneys, Brian K. McDaniel, Esq., and The McDaniel Law Group, P.L.L.C. and brings this action against the Defendants, District of Columbia, Officer Wilmino Pantaleon, Officer Karina Phillip, Officer John Lay, Officer Morgan Schiff, Officer Benjamin Celano and Officer Edward Rodriguez and alleges the following:

## INTRODUCTION

1.      On May 19, 2018, the Plaintiff was in the area of 15th Street, N.E., Washington D.C. attending a cookout when he was approached and assaulted by officers of the Metropolitan Police Department. During the assault, Plaintiff was aggressively taken to the ground and struck in the face multiple times by Defendants, Officer Wilmino Pantaleon, Officer Karina Phillip, Officer John Lay, Officer Morgan Schiff, Officer Benjamin Celano and Officer Edward Rodriguez. None of the aforementioned Defendants or other unnamed officers interceded, stopped or provided assistance to the Plaintiff during the assault.

2.      The Defendants, Officer Wilmino Pantaleon, Officer Karina Phillip, Officer John Lay, Officer Morgan Schiff, Officer Benjamin Celano and Officer Edward Rodriguez violated the Plaintiff's right under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States through their actions.

## JURISDICTION AND VENUE

3.      This action arises under the Constitution of the United States, the Civil Rights Act, 42 U.S.C. § 1983, the laws of the District of Columbia, particularly D.C. Code §§ 12-301 and 12-309, and the common law.

4.      This Court has jurisdiction over the Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights deprivation).

5.      On July 5, 2018, Plaintiff, pursuant to D.C. Code § 12-309 provided written notice to Defendant District of Columbia of his intent to sue based on this incident that occurred on May 19, 2018.

6.      Venue is proper in the District of Columbia because this is where the Plaintiff resides, where the Defendants are employed, and where the events complained of occurred.

## PARTIES

7.      Plaintiff, Samuel Cooper, (hereinafter referred to as 'Plaintiff') now and at all times relevant to this claim, is an adult resident of the District of Columbia who resides at 606 Columbia Road, N.W., Washington D.C. 20001.

8.      Defendant, Officer Wilmino Pantaleon (hereinafter referred to 'Defendant Pantaleon'), who is sued in his individual and official capacities, is now, and was at all relevant times, an officer with the Fifth District of the District of Columbia Metropolitan Police Department located at 1805 Bladensburg Road, N.E., Washington D.C. 20002.

9.      Defendant, Officer Karina Phillip (hereinafter referred to as 'Defendant Phillip') who is sued in her individual and official capacities, is now, and was at all relevant times, an officer with the Fifth District of the District of Columbia Metropolitan Police Department located at 1805 Bladensburg Road, N.E., Washington D.C. 20002.

10.    Defendant, Officer John Lay (hereinafter referred to as 'Defendant Lay') who is sued in his individual and official capacities, is now, and was at all relevant times, an officer with the Fifth District of the District of Columbia Metropolitan Police Department located at 1805 Bladensburg Road, N.E., Washington D.C. 20002.

11.    Defendant, Officer Morgan Schiff, (hereinafter referred to as 'Defendant Schiff') who is sued in her individual and official capacities, is now, and was at all relevant times, an officer with the Fifth District of the District of Columbia Metropolitan Police Department located at 1805 Bladensburg Road, N.E., Washington D.C. 20002.

12.    Defendant, Officer Benjamin Celano (hereinafter referred to as 'Defendant Celano') who is sued in his individual and official capacities, is now, and was at all relevant times, an officer with the Fifth District of the District of Columbia Metropolitan Police Department located at 1805 Bladensburg Road, N.E., Washington D.C. 20002.

13.    Defendant, Officer Edward Rodriguez (hereinafter referred to as 'Defendant Rodriguez') who is sued in his individual and official capacities, is now, and was at all relevant times, an officer with the Fifth District of District of Columbia Metropolitan Police Department located at 1805 Bladensburg Road, N.E., Washington D.C. 20002.

14.    At all times relevant to this action, Defendant officers were acting under the color of law under their authority as officers of the District of Columbia, and under color of the statutes, ordinances, regulations, policies, customs and usage of the District of Columbia.

15.    Defendant, District of Columbia, is a municipal corporation of the local government of Washington D.C., and operates and governs the Metropolitan Police Department pursuant to the laws of the District of Columbia. In this case, the District of Columbia acted through its agents,

employees and servants, including Defendant officers Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez.

## STATEMENT OF FACTS

16.     On Saturday May 19, 2019, Plaintiff was attending a cook out in an area behind the Brentwood Recreation Center located at 2311 14th Street, N.E., Washington D.C. 20018.

17.     At or about 7:25 pm, Plaintiff was walking in the area of 2334 15th Street, N.E., Washington D.C. when he was approached by Defendant Pantaleon and Defendant Phillip.

18.     Defendant Pantaleon grabbed the Plaintiff by his left arm and Defendant Phillip took the Plaintiff to the ground. The Plaintiff landed face down on the ground.

19.     Defendant Lay, Defendant Schiff, Defendant Celano and Defendant Rodriguez took hold of the Plaintiff as he lay face down and defenseless on the ground.

20.     While being restrained by the aforementioned Defendants, Defendant Pantaleon struck the Plaintiff in the face with a closed fist multiple times causing injury.

21.     At the time that Defendant Pantaleon struck the Plaintiff in the face with his closed fist, Plaintiff was not resisting.

22.     At the time that Defendant Pantaleon struck the Plaintiff in the face with his closed fist, Plaintiff had not struck or placed in fear of being struck any of the police officers involved in this matter.

23.     As the Defendant officers restrained and struck the Plaintiff, he repeated questioned the officers regarding their conduct and treatment of him.

24.     After being struck in the face multiple times by Defendant Pantaleon, Plaintiff was placed in handcuffs and then placed in a cruiser and transported to Washington Hospital Center.

25.     Upon Plaintiff's arrival at Washington Hospital Center, he was examined and prescribed medication to treat the injury to his eye and back.

26.     While at Washington Hospital Center receiving treatment, the Plaintiff was under constant police custody and was not free to leave. The police officers wore police uniforms and had firearms.

27.     After receiving treatment at Washington Hospital Center on May 19, 2018, Plaintiff was transported to the police station and then to the Central Cell Block where he was held until May 21, 2018. On May 21, 2018, Plaintiff went before a judicial officer at the D.C. Superior Court. At the hearing, Plaintiff was informed that he was being charged with one count of Carrying a Pistol Without a License (Outside Home or Place of Business).

28.     Additionally, Plaintiff learned that he was not being released and that he was being held pursuant to D.C. Code 23-1322(b).

29.     On May 22, 2018, Plaintiff came before Judge Heide L. Herrmann for a Preliminary Hearing. The government was not ready and requested a continuance. As a result, Plaintiff was released into the High Intensity Supervision Program (hereinafter referred to as 'HISP').

30.     HISP is a program offered by D.C. Pretrial Services for the purpose of supervising pretrial defendants. The requirements are stringent in an effort to ensure compliance.

31.     HISP defendants are required to (a) report in person on a weekly basis with the pretrial officer; (b) submit to drug test at least once per week; and (c) submit to GPS monitoring.

32.     On June 11, 2018, Plaintiff came before Judge Heide L. Herrmann for a Preliminary Hearing. After a full and complete hearing, the Court found no probable cause against the Plaintiff related to his charge of Carrying a Pistol Without a License (Outside Home or Place of Business) and dismissed the matter.

33.     Defendant Pantaleon authored an incident report with CCN # 18080712 in which he alleges that Plaintiff committed the following offenses: (a) Assault on a Police Officer (Aggravated Assault); (b) Carrying a Pistol Without a License (Outside Home or Place of Business); (c) Possession of Unregistered Ammunition; (d) Possession of Unregistered Firearm/Unlawful Possession of a Firearm or Destructive Device; (e) Possession of an Open Container of Alcohol; (f) Possession of a Large Capacity Ammunition Feeding Device; (g) Drinking in Public; (h) Resisting Arrest.

34.     Despite authoring an incident report alleging the above violations, Plaintiff was only charged with one count of Carrying a Pistol Without a License (Outside Home or Place of Business). This charge was found to lack probable cause for the arrest and was subsequently dismissed.

35.     As a result of the charge of Carrying a Pistol Without a License (Outside Home or Place of Business), Plaintiff had to secure counsel to represent him in the matter in the Superior Court for the District of Columbia.

36.     As a result of the charge of Carrying a Pistol Without a License (Outside Home or Place of Business), Plaintiff was incarcerated from May 19, 2018 through May 22, 2018.

37.     As a result of the charge of Carrying a Pistol Without a License (Outside Home or Place of Business) from May 19, 2018 through June 11, 2018, Plaintiff had to deal with the stress and emotional distress of having a case which exposed him to a maximum period of five (5) years in jail.

38.     At all times relevant to the events described herein, the Plaintiff was not committing any crime and was obeying all laws.

39.     At no time did Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez have probable cause to arrest the Plaintiff, nor did they have reasonable articulable suspicion to stop or detain the Plaintiff. Additionally, the officers had no other legal justification for their actions.

40.     Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez acted intentionally and/or recklessly and with deliberate disregard to the Plaintiff's constitutional and common law rights, and in intentional or reckless disobedience of the District of Columbia Metropolitan Police Department regulations.

41.     The use of unreasonable and/or excessive force by the Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez and other unnamed officers are subject to specific regulation(s), and/or order(s) and/or standard(s), including but not limited to, General Orders 901.07, 201.26, and 501.07, Special Order 97-31, and the Spectrum of Force and Use of Force Continuum.

42.     The battering of the Plaintiff by the Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez and other unnamed officers were in direct violation of any and all applicable regulation(s) and/or order(s) and/or standard(s), including but not limited to, General Orders 901.07, 201.26 and 501.07, Special Order 97-31, and the Spectrum of Force and Use of Force Continuum.

43.     No reasonable police officer could have believed that there was a need to strike, detain, and arrest the Plaintiff even though he had not committed any crime and was not resisting arrest.

44.     Police officers have a duty to intercede when they witness a deprivation of rights by other officers in progress. Defendant officers knowingly and intentionally failed to intercede to prevent the violation of the Plaintiff's rights.

45.     At all relevant times, the Defendants, Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez:

   a.   Wore apparel of the District of Columbia Metropolitan Police Department;

   b.   Used the resources of the District of Columbia Metropolitan Police Department;

   c.   Were on active duty as officers of the District of Columbia Metropolitan Police Department;

   d.   Acted under their authority as officers of the District of Columbia Metropolitan Police Department; and

   e.   Acted under the color of law, statute, ordinance, regulations, custom and usage of the District of Columbia.

46.     The Plaintiff suffered significant physical injuries and pain as a result of the Defendants Pantaleon's, Phillip's, Lay's, Schiff's, Celano's and Rodriguez's conduct.

47.     The Plaintiff suffered extreme and severe emotional distress as a result of Defendants, Pantaleon's, Phillip's, Lay's, Schiff's, Celano's and Rodriguez's conduct. The Plaintiff continues to suffer emotional district as a result of the Defendants' conduct.

48.     The Plaintiff has been subjected to ridicule and disparagement as a result of the Defendants, Pantaleon's, Phillip's, Lay's, Schiff's, Celano's and Rodriguez's conduct. The Plaintiff continues to suffer emotional distress as a result of the Defendant's conduct.

**CLAIMS FOR RELIEF**

**First Claim for Relief – 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth, Fifth and Fourteenth Amendments**

(Against Defendants Pantaleon, Phillip, Lay, Schiff, Celano, and Rodriguez)

49.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

50.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

51.     Plaintiff in this action is a citizen of the United States and all of the individual Defendant officer to this claim are persons for purposes of 42 U.S.C. § 1983.

52.     All individual Defendant officers to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as District of Columbia police officers and their acts or omissions were conducted within the scope of their official duties or employment.

53.     Plaintiff did not engage in any criminal conduct.

54.     Plaintiff was not a threat to the safety of the police, himself or others.

55.     Plaintiff did not resist arrest or evade arrest by flight.

56.     Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

57.     Plaintiff also had a clearly established Constitutional right under the Fifth and Fourteenth Amendments of the U.S. Constitution to bodily integrity and to be free from excessive force by law enforcement.

58.     Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as the rights were clearly established at the time of the complained of conduct.

59.     Defendants Pantaleon's, Phillip's, Lay's, Schiff's, Celano's and Rodriguez's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth, Fifth and Fourteenth Amendments rights of the Plaintiff.

60.     Defendants Pantaleon's, Phillip's, Lay's, Schiff's, Celano's and Rodriguez's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to the Plaintiff's federally protected rights. The force used by these Defendant officers shocks the conscience and violated the Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

61.     Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez unlawfully seized the Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining the Plaintiff of his freedom.

62.     The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

63.     None of the Defendant officers, named and/or unnamed, took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of other Defendant officers. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscious shocking force of each other officer.

64.     Defendants Pantaleon, Phillip, Lay, Schiff, Celano, and Rodriguez engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

65.     Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

66.     The acts or omissions of all individual Defendants were the moving forces behind Plaintiff's injuries.

67.     The individual Defendants acted in concert and joint action with each other.

68.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

69.     Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez, by means of physical force and show of authority complained of herein, restrained the liberty of the Plaintiff.

70.     Given the circumstances, no reasonable person in Plaintiff's position would have believed himself free to leave.

71.     Plaintiff submitted to the authority of Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez.

72.     Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez as government officials intentionally applied means to terminate the Plaintiff's freedom of movement.

73.     Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez are not entitled to qualified immunity for the complained of conduct.

74.     As a proximate result of Defendants Pantaleon's, Phillip's, Lay's, Schiff's, Celano's and Rodriguez's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically

and other special damages related expenses. Plaintiff is therefore entitled to money damages pursuant to 42 U.S.C. § 1983 to compensate him for his injuries and for the violation of his Constitutional and civil rights.

75.    On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injury. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

76.    In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

### Second Claim for Relief – 42 U.S.C. § 1983 – Malicious Prosecution in violation of Fourth, Fifth and Fourteenth Amendments
(Against Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez)

77.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

78.    42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

79.    Plaintiff in this action is a citizen of the United States and all of the individual Defendant officers to this claim are persons for purposes of 42 U.S.C. § 1983.

80.    All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as District of Columbia Metropolitan Police

Department officers and their acts or omissions were conducted within the scope of their official duties or employment.

81.     At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of due process under the Fifth and Fourteenth Amendments.

82.     Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time of occurrence.

83.     Defendants, Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez violated the Plaintiff's Fourth, Fifth and Fourteenth Amendment rights to be free from malicious prosecution without probable cause and without due process when they worked in concert to secure false charges against the Plaintiff, resulting in his unlawful confinement and prosecution.

84.     Defendants, Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez conspired and/or acted in concert to institute, procure and continue a criminal proceeding for Carrying a Pistol Without a License against the Plaintiff without probable cause.

85.     Defendants, Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

86.     The procurement of the prosecution against the Plaintiff for the known to be false allegations of Carrying a Pistol Without a License were malicious, shocking, and objectively unreasonable in the light of the circumstances.

87.     The criminal proceedings against the Plaintiff terminated in his favor. On June 11, 2018, after a preliminary hearing, Judge Heidi L. Hermann found that the case against Plaintiff lacked probable cause and was dismissed.

88.     The acts or omissions of all individual Defendants were the moving forces behind Plaintiff's injuries.

89.     Defendants, Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez acted in concert and joint action with each other.

90.     The acts or omissions of Defendants, Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

91.     Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez are not entitled to qualified immunity for the complained of conduct.

92.     As a proximate result of Defendants unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages.

93.     In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of the Plaintiff.

### Third Claim for Relief – Assault
(Against Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez)

94.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

95.     Plaintiff was in fear of imminent bodily harm when Defendant officers approached him, grabbed him, threw him to the ground, and struck him in the face with a fist.

96.     Defendants Pantaleon, Phillip, Lay, Schiff, Celano, and Rodriguez intentionally threatened the Plaintiff with imminent bodily harm when they aggressively approached and grabbed him, threw him to the ground, and struck him in the face without any articulable reason for said action.

97.     Due notice under all applicable statutes has been given to the Defendants.

98.     The actions of the Defendant officers are the direct cause of the injuries described above. The Plaintiff is entitled to special damages which include pain and suffering, future pain and suffering and emotional trauma.

99.     The intentional and malicious actions of the Defendant officers and other unnamed MPD officers are the direct cause for the injuries described above. The Plaintiff is entitled to punitive damages and special damages, including pain and suffering, and emotional trauma.

**Fourth Claim for Relief – Battery**
(Against Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriquez)

100.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

101.    Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez engaged in harmful and offensive contact of the Plaintiff by grabbing him, throwing him to the ground and striking him in the face with a closed fist. Defendants Pantaleon, Phillip, Lay, Schiff, Celano, and Rodriguez engaged in abhorrent conduct despite not having probable cause to believe that the Plaintiff was engaged in any illegal activity.

102.    The actions of the Defendant officers caused the Plaintiff serious physical and emotional injuries.

103.    Due notice under all applicable statutes has been given to the Defendants.

104.     The actions of the Defendant officers are the direct cause of the injuries described above. The Plaintiff is entitled to special damages which include pain and suffering, future pain and suffering and emotional trauma.

105.     The intentional and malicious actions of Defendant officers and other unnamed MPD officers are the direct cause for the injuries described above. The Plaintiff is entitled to punitive damages and special damages, including pain and suffering, and emotional trauma.

**Fifth Claim for Relief – False Imprisonment and False Arrest**
(Against Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez)

106.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

107.     Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez did intentionally obstruct and detain the Plaintiff, over his continual objection, when they grabbed him, threw him on the ground, and struck him in the face.

108.     Plaintiff had not committed any criminal acts.

109.     Plaintiff reasonably believed that it would be dangerous for him to attempt to flee in light of the presence of numerous MPD officers in this location.

110.     Defendant Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez did not have probable cause to arrest the Plaintiff and did not act with a reasonable belief that Plaintiff had violated the law.

111.     Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez were not justified in unlawfully and forcefully arresting the Plaintiff and depriving him of his freedom of movement.

112.     Plaintiff did not consent to the aforementioned unlawful and forceful arrest and detainment.

113.    The conduct of the Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez vis-à-vis the Plaintiff, noted above, was both unlawful and unreasonable, and in violation of all relevant regulations.

114.    As a direct and proximate cause of Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez and the other unnamed MPD officers' actions, the Plaintiff was caused economic damages, including but not limited to expenses for hospital and other medical care, as well as expenses for future medical care.

115.    Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez should be held liable for the false detention of the Plaintiff and pay appropriate damages for the violation of his Constitutional and common law rights.

**Sixth Claim for Relief – Intentional Infliction of Emotional Distress**
(Against Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez)

116.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

117.    Defendants Pantaleon, Phillip, Lay, Schiff, Celano and Rodriguez assaulted and battered the Plaintiff intentionally and acted with intentional and/or reckless disregard of his rights.

118.    As a result of Defendant officers intentional and/or reckless acts, the Plaintiff suffered and continues to suffer severe emotional distress.

119.    The Plaintiff is entitled to monetary damages to compensate him for his emotional injury.

120.    The Plaintiff is further entitled to an award of punitive damages to punish the Defendant officers and the other unnamed MPD officers for their willful and malicious and/or reckless misconduct toward him.

**Ninth Claim for Relief – Respondeat Superior**

(Against Defendant District of Columbia)

121.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

122.     At all relevant times during the circumstances described in this Complaint, Defendant officers were acting within the scope of their official duty as police officers of the District of Columbia Metropolitan Police Department and employees of the District of Columbia.

123.     The District of Columbia should be held liable for the common law claims against the Defendant officers and other unnamed MPD officers and pay appropriate damages to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

(a)     RULES that the actions of the Defendants violated the rights of the Plaintiff under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the District of Columbia;

(b)     ENTER JUDGMENT awarding the Plaintiff compensatory damages against all defendants in an amount of $1,000,000.00;

(c)     ENTER JUDGMENT awarding punitive damages against the Defendants Pantaleon, Phillip, Lay, Schiff, Celano, and Rodriguez and other unnamed officers in an amount of $1,000,000.00;

(d)     ENTER JUDGMENT awarding Plaintiff costs and reasonable attorneys' fees in this action as provided in 42 U.S.C. § 1983; and

(e)     GRANT the Plaintiff any such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully demands a jury trial in the aforementioned matter.

Respectfully submitted,

THE MCDANIEL LAW GROUP, P.L.L.C.

/s/ Brian K. McDaniel
Brian K. McDaniel, Esq.
1920 L Street, N.W., Suite 303
Washington D.C. 20036
Tel: 202-331-0793
Fax: 202-331-7004v